IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PINNACLE BANK**                                                                                    **PLAINTIFF**

v.                                                                          CAUSE NO. 1:25CV194-LG-RPM

**COPE INVESTMENTS, LLC**                                                              **DEFENDANT**

### ORDER GRANTING PLAINTIFF'S
### MOTION FOR DEFAULT JUDGMENT

**BEFORE THE COURT** is Plaintiff Pinnacle Bank's [10] Motion for Default Judgment against Cope Investments, LLC. The remaining Defendants, Bruce C. Cope and Power SRC, LLC were voluntarily dismissed from this case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Notice [13]. For the following reasons, the Court grants Pinnacle's motion.

**I. Background**

This case arises from the failure to pay amounts when due pursuant to a Promissory Note (the "Note") on a loan Pinnacle made to Power SRC LLC and Cope Investments, LLC, on or about July 15, 2024 (the "Loan"). In connection with the Loan, Bruce C. Cope signed a Commercial Guaranty that provides, inter alia, "This is a 'Continuing Guaranty' under which Guarantor agrees to guarantee the full and punctual payment, performance and satisfaction of the indebtedness of borrower, or any one or more of them, to lender, now existing or hereinafter arising or acquired, on an open and continuing basis." Compl., Ex. A [1-3] at 1.

Cope Investments failed to fully pay Pinnacle amounts owed under the Loan.

On June 17, 2025, Pinnacle filed this lawsuit against Defendants based on their obligations to pay under the terms of the Note and other documents executed in connection with the Loan (collectively the "Loan Documents"). *Id.*, Ex. A, B, & C [1-1, 1-2, 1-3]. Pinnacle alleges breach of contract, breach of personal guaranty, money had and received, and unjust enrichment claims. It seeks the principal amount due under the Loan, accrued and accruing interest, late charges, and expenses of collection, including attorneys' fees and the costs of this action. Pinnacle now moves for default judgment against Defendant, Cope Investments, LLC.

## II. Subject Matter Jurisdiction

Before considering Pinnacle's motion, the Court must establish that subject matter jurisdiction exists. *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) ("District Courts . . . have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it not raised by the parties . . . ."). Because no federal question is presented, subject matter jurisdiction exists only if the parties are completely diverse and the amount-in-controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

According to the Complaint, Bruce C. Cope, a/k/a Chris Cope, is a citizen of Mississippi. Power SRC LLC is a Mississippi limited liability company, so its citizenship is determined by the citizenship of its member(s). *See Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020). According to the Mississippi Secretary of State's website, Power SRC

dissolved on December 9, 2025. But, at the time this lawsuit was filed, Power SRC's sole member was Bruce C. Cope. The other forms defendant, Cope Investments, LLC, is an Alabama limited liability company. According to the Alabama Secretary of State's database, the sole member of Cope Investments, LLC is "Chris Cope." Therefore, all of the Defendants were citizens of Mississippi when this lawsuit was filed. Meanwhile, Pinnacle is a Tennessee banking organization. Compl. [1] at 1. Therefore, the parties are completely diverse pursuant to 28 U.S.C. § 1332.

"When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). As set forth in its Complaint, Pinnacle seeks to recover an amount owed under the Note of "not less than $1,536,186.48, plus accrued and accruing interest, late charges, and expenses of collection, including attorneys' fees and the costs of this action." Compl. [1] at 9. Because the amount exceeds $75,000, the amount in controversy requirement is met to satisfy the Court's subject matter jurisdiction. Accordingly, the Court has subject matter jurisdiction over this lawsuit.

### III. Legal Standard

"Obtaining an entry of default judgment is a three-step process: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment." *Strange v. Glob. Virtual Opportunities, Inc.*, No. 6:18-cv-180, 2019 WL 414961, at *1 (W.D. Tex. Jan. 8, 2019); Fed. R. Civ. P. 55. Once the first two steps are satisfied, a court must use its discretion to determine whether an entry of

default judgment is appropriate. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

Granting default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989) (citation omitted). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). When determining whether a party's allegations are well pleaded, the Court considers whether a plaintiff's complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Wooten*, 788 F.3d at 498. To satisfy that requirement, a plaintiff need only include enough facts in the complaint to "raise a right to relief above the speculative level." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As to damages, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A court has discretion to conduct an evidentiary hearing on the issues of damages. F ed. R. Civ. P. 55(b)(2)(B). But an evidentiary hearing is not required if the damages can be "computed with certainty by reference to the pleadings and supporting documents . . . ." *See James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993).

## IV. Analysis

On June 23, 2025, Pinnacle completed service on Cope Investments.

Summons Returned Executed [3]. Cope Investments' responsive pleading was due by July 14, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i). Cope Investments did not respond. Pinnacle moved for entry of default, and the Clerk of Court entered default against Cope Investments on October 24, 2025. On December 11, 2025, Pinnacle filed its Motion for Default Judgment and supporting brief. To date, Cope Investments has not responded to Plaintiff's Complaint, and it has not responded to Pinnacle's Motion for Default Judgment or otherwise appeared before the Court. Accordingly, the first two steps for obtaining a default judgment are satisfied. The Court turns to whether default judgment is appropriate.

According to its Complaint, Pinnacle loaned Borrowers funds in the original amount of $1,500,000.00, which Loan was made to the Borrowers, secured by the Note, and personally guaranteed by Bruce Cope. The maturity date of the Note was July 15, 2026. In addition to the obligations of Cope Investments to pay the principal of, and interest on, the Loan, the Note further provides that Pinnacle is entitled to recover costs and expenses, including attorneys' fees, incurred in collecting amounts due under the Note or otherwise enforcing obligations set forth thereunder. Cope Investments has not made payment according to the terms of the Loan Documents. As of the date of the Complaint, the outstanding indebtedness under the Note was $1,536,186.48, exclusive of attorney's fees and expenses, which continue to accrue.

Because the damages are liquidated, Pinnacle is entitled to recover pre-judgment interest accruing at the rate set forth in the Note. *See* Miss. Code Ann.

§ 75-17-7 ("All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered"); *see also Est. of Baxter v. Shaw Assocs., Inc.*, 797 So. 2d 396, 403 (Miss. Ct. App. 2001) (stating that pre-judgment interest generally "dates from the breach of contract"). The interest rate set forth in the Note is a variable interest rate, calculated as 1-month CME Term Secured Overnight Financing Rate (Term SOFR) plus 2.750 percentage points. Compl., Ex. A [1-1] at 1.

Since the time of the filing of the Complaint, interest has continued to accrue on the unpaid principal balance and, according to the Declaration of Pinnacles' Senior Vice President, Phil Gardial, which was submitted in support of Pinnacle's Motion for Default Judgment, the amount of principal and interest due at the time of the Motion for Default Judgment was $1,587,991.62, exclusive of attorney's fees and expenses. Pl.'s Mot., Ex. 1 [10-1] at 3–4. Interest continues to accrue as per the contract rate set forth in the Note, and as of March 3, 2026, the amount of principal and interest due thereunder is $1,607,897.78 with a per diem of $265.39. The date of the judgment is March 4, 2026. Accordingly, prejudgment interest is calculated as follows:

- Unpaid Principal and Interest as of March 3, 2026: $1,607,897.78
- Per Diem Interest ($265.39 x 1 day from March 3, 2026): $265.39

Statutory law also permits Pinnacle to collect post-judgment interest. *See* 28 U.S.C. § 1961(a). Thus, Pinnacle has a right to post-judgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published

by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 961(a). That rate is 3.48%.

Defendants also are liable under the terms of the Loan Documents for Pinnacle's reasonable and necessary attorneys' fees and costs incurred to collect the amounts owed to Pinnacle. Pl.'s Mot., Ex. 1 [10-1] at 2. Pinnacle will be permitted to move for recovery of reasonable attorneys' fees within 14 days upon the entry of the forthcoming default judgment. *See* Fed. R. Civ. P. 54(d)

## V. Conclusion

For the reasons stated previously, the Court finds that Pinnacle is entitled to a default judgment against Cope Investments, LLC.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Pinnacle's [10] Motion for Default Judgment as to Cope Investments is **GRANTED**. The Court will enter a separate default judgment as required by Fed. R. Civ. P. 58(a).

**SO ORDERED AND ADJUDGED** this the 4th day of March, 2026.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE